UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY EL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LAS VEGAS DETENTION CENTER, et al., <br><br> Defendants. | Case No.: 2:19-cv-00951-JAD-EJY <br><br> **REPORT AND RECOMMENDATION** <br><br> Re: Plaintiff's Amended Complaint (ECF No. 10) and Plaintiff's Redacted Copy of Amended Complaint (ECF No. 12) |

Presently before the Court are Plaintiff's Amended Complaint and Redacted Copy of Amended Complaint. ECF Nos. 10 and 12. The Court screens the Amended Complaint and recommends dismissal with prejudice for the reasons stated below.

**I.  Background**.

On September 4, 2019, the Court granted Plaintiff's Application for Leave to Proceed *in forma pauperis*, but dismissed Plaintiff's Complaint without prejudice for failure to state a claim upon which relief can be granted. ECF No. 6. The Court also granted Plaintiff leave to amend within thirty days of the date of the Order. *Id*. at 3. On January 29, 2020, the Court issued a second Order granting Plaintiff an additional thirty days from that date to file an amended complaint. ECF No. 9. Plaintiff timely filed his Amended Complaint (ECF No. 10) and Redacted Copy of Amended Complaint (ECF No. 12) that are now before the Court.[1]

**II.  Screening Standard**

A court may dismiss a complaint if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.[2] Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[3] To survive §

---

[1]  Plaintiff's Amended Complaint and Redacted Copy of Amended Complaint are referred to herein as the "Amended Complaint."
[2]  28 U.S.C. § 1915(e)(2).
[3]  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

1

1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.[5] Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.[6] A formulaic recitation of the elements of a cause of action is insufficient.[7] The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[8] Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.[9]

### III.    Plaintiff's Amended Complaint

In his Amended Complaint, Plaintiff claims he was arrested by a Las Vegas Metropolitan Police Department (the "LVMPD") officer named "Benjamin Baldassare"[10] and transported to Clark County Detention Center. After being released on bond, Plaintiff states he was stopped and arrested again by a LVMPD officer only identified by his last name, "Alimbuyao." The booking record Plaintiff submits indicates Officer Alimbuyao arrested Plaintiff on October 24, 2018 for numerous violations of Nevada law.[11] Plaintiff states he was transported from the Las Vegas Detention Center to the Clark County Detention Center, and held there for a month until the North Las Vegas Municipal Court found him not guilty on all charges. The Appearance Order Plaintiff attaches to his Amended Complaint only shows the North Las Vegas Municipal Court set his matter for trial.[12]

---

[4]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[5]  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
[6]  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7]  *Id*.
[8]  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).
[9]  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).
[10]  The Court takes note that Plaintiff's Amended Complaint and Redacted Copy of Amended Complaint are identical except the latter omits Officer Baldassare's name and badge number. Plaintiff does not state when his first arrest took place; however, an attached Criminal Complaint shows Plaintiff was charged with "Theft" (NRS 205.0832, 205.0835.3) in Mesquite Township Justice Court on May 30, 2018. ECF No. 10-1 at 2.
[11]  *Id*. at 4-5, 7, 10.
[12]  *Id*. at 1. Plaintiff also claims the Mesquite Township Justice Court dismissed the theft charge against him. ECF No. 10 at 1. However, the documentation Plaintiff attached shows the Mesquite Justice Township Court scheduled a preliminary hearing in Plaintiff's case. ECF No. 10-1 at 1.

Copies of Bail Bond receipts dated November 1, 2018 Plaintiff attaches to his Amended Complaint suggests he was in jail for eight days from the date of his second arrest until he posted bail.[13]  As a result of the second arrest and ensuing confinement, Plaintiff brings "false arrest," "malicious prosecution," and "false imprisonment" claims against unspecified defendants.[14]

Plaintiff's Amended Complaint appears to allege civil rights violations but does not identify any defendants or state that he is bringing this action pursuant to 42 U.S.C. § 1983.  More significantly, even assuming Plaintiff intended to bring § 1983 claims,[15] the Amended Complaint should be dismissed with prejudice because Plaintiff fails to allege viable causes of action and amendment would be futile.

The totality of the allegations in the Amended Complaint appear to be comprised of false imprisonment and malicious prosecution claims.  Nevada law states that false imprisonment occurs when there is a "confinement or detention without sufficient legal authority."[16]  "An integral part of the proof of this tort is the commission or instigation of a false arrest (i.e., an unlawful arrest or restraint of personal liberty)."[17]  To prevail on a § 1983 claim for malicious prosecution, "a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right."[18]

Even when liberally construed in the light most favorable to Plaintiff, the Amended Complaint fails to include any factual allegations supporting the contentions that Plaintiff was unlawfully arrested, held without sufficient legal authority or maliciously prosecuted without probable cause for the purpose of denying him a specific constitutional right.  Plaintiff not only fails to allege any facts, but the documentation Plaintiff provides to the Court is contrary to his allegations.  That is, nothing suggests that the North Las Vegas Municipal Court found him not guilty or that he

---

[13]  *Id*. at 6, 8, 10.
[14]  ECF Nos. 10 and 12.
[15]  The Court assumes Plaintiff is bringing his civil rights claims pursuant to 42 U.S.C. § 1983 for purposes of this Order.  *Wallace v. Kato*, 549 U.S. 384, 388-90 (2007) (recognizing false arrest and false imprisonment claims under section 1983); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068-69 (9th Cir. 2004) (implicitly recognizing a malicious prosecution claim under section 1983).
[16]  NRS 200.460.
[17]  *Fleeger v. Bell*, 95 F.Supp.2d 1126, 1131 (D. Nev. 2000) (internal citation omitted).
[18]  *Awabdy*, 368 F.3d at 1066 (internal citation omitted).

was held for a month in jail. The Bail Bond receipts submitted by Plaintiff indicate he was released from custody about a week after his second arrest, and that a trial date was set before the North Las Vegas Municipal Court based on the charges underlying this arrest.[19] Thus, Plaintiff's allegations fail to state a claim under section 1983 and, therefore, his Amended Complaint should be dismissed.

Further, this is Plaintiff's second attempt to plead claims.[20] He has now submitted documentation that belies the ability to amend his complaint a third time to state viable false imprisonment or malicious prosecution claims. Even if Plaintiff was ultimately found not guilty or charges were dismissed, this does not turn his arrest into a false imprisonment or malicious prosecution claim.[21] The Court therefore recommends Plaintiff's Amended Complaint be dismissed with prejudice.

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 10) and Plaintiff's Redacted Copy of Amended Complaint (ECF No. 12) be DISMISSED with prejudice as amendment would be futile.

DATED THIS 21st day of October, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[19] ECF No. 10-1 at 1, 6, 8, 10.
[20] ECF No. 1-1 (Complaint), ECF Nos. 10 and 12 (Amended Complaint).
[21] *Cf. Wallace*, 549 U.S. at 389 (a "false imprisonment consists of detention *without legal process*") (emphasis added); *Awabdy*, 368 F.3d at 1066 (although a malicious prosecution claim accompanies wrongful institution of legal process, a plaintiff must still show that the defendants prosecuted him with "malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.") (internal citation omitted).

4

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).